**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **ELAINE G. FARNER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO. 2:06cv513-ID** |
| | ) **(WO)** |
| **UNITED STATES OF AMERICA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>MEMORANDUM OPINION AND ORDER</u>

### I.  INTRODUCTION

This lawsuit, which arises under 38 U.S.C. § 1984(a), involves a dispute over the distribution of the proceeds of a United States Government life insurance policy belonging to Fred H. Farner ("Mr. Farner"), a deceased U.S. Armed Forces veteran. Plaintiff Elaine G. Farner ("Ms. Farner"), who is Mr. Farner's ex-spouse, originally was designated as the beneficiary of the proceeds of the life insurance policy.  Three weeks prior to his death, however, Mr. Farner changed the beneficiary to Shirley M. Ledford ("Ms. Ledford"), who is a Defendant in this litigation.  In her complaint, Ms. Farner claims that she is the rightful beneficiary because Mr. Farner did not have the testamentary capacity to change beneficiaries.

Presently before the court is a motion to dismiss filed by Ms. Ledford.  (Doc. No. 6.)  As grounds for her motion, Ms. Ledford contends that this lawsuit is due to be dismissed with prejudice because it was not "timely filed" in accordance with the ninety-day period prescribed in 38 U.S.C. § 1984(b).  (<u>Id.</u> at 1.)  Ms. Farner filed a response in opposition, asserting that Ms. Ledford has misconstrued the statutory ninety-day provision.  (Doc. No. 9.)  Ms. Ledford submitted a reply, to which Ms. Farner filed a sur-reply.  (Doc. Nos. 10-11.)  After careful consideration of the arguments of counsel, the

relevant law and the record as a whole, the court finds that Ms. Ledford's motion to dismiss is due to be denied.

## II.  JURISDICTION

The court properly exercises subject matter jurisdiction over this action, pursuant to 38 U.S.C. § 1984.  The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations of both.

## III.  STANDARD OF REVIEW

The statutory requirement of 38 U.S.C. § 1984(b) that a claimant timely file a lawsuit "constitutes a jurisdictional condition precedent which may not be waived, or abrogated by estoppel, and which the plaintiff [is] required to show compliance with in order to make out a prima facie case."  Lynch v. United States, 80 F.2d 418, 419 (5th Cir. 1935).[1]  As such, the court analyzes the present motion under the standard applicable to a motion to dismiss for lack of jurisdiction of the subject matter under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  An attack on subject matter jurisdiction under Rule 12(b)(1) requires the court to examine the complaint to ascertain whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction.  The allegations in the complaint are taken as true for purposes of a Rule 12(b)(1) motion.  See Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).

---

[1] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.  See 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

## IV.  BACKGROUND

The facts as alleged in the complaint are as follows.  As a U.S. Armed Forces veteran, Mr. Farner owned a United States "Government Life Insurance policy," which is at the center of this controversy.  (Compl. ¶ 6.)  The policy is administered by the U.S. Department of Veteran Affairs ("V.A.").  (Id.)

On July 31, 1985, Ms. Farner was designated as the "100% beneficiary" of Mr. Farner's Government life insurance, by virtue of V.A. Form 29-336.  (Id. ¶ 7.)  In 1997, the Farners divorced.  (Id.)  Approximately seven years later, on May 24, 2003, Mr. Farner changed the beneficiary, designating Ms. Ledford to receive "all" proceeds from the life insurance.  (Id. ¶ 8.)  Three weeks later, on June 13, 2003, Mr. Farner died.  (Id. ¶ 9.)  Ms. Farner contends that, when Mr. Farner changed his beneficiary to Ms. Ledford, he "lacked the mental capacity to do so."  (Id. ¶ 12.)

Upon Mr. Farner's death, Ms. Farner contacted the V.A. to ascertain the procedures for obtaining the proceeds of Mr. Farner's life insurance and learned that she was no longer the beneficiary.  (Id. ¶ 10.)  Consequently, on July 2, 2003, Ms. Farner filed a "contest of benefits" with the V.A., but the V.A. denied her claim on March 1, 2005.  (Id. ¶ 14.)  In a letter, dated April 26, 2005, Ms. Farner advised the V.A. that she desired to appeal the decision administratively to the Board of Veterans' Appeals.  (Id. ¶ 15.)  On September 6, 2005, however, Ms. Farner submitted a letter to the V.A., "rescinding and withdrawing her request to initiate the appeal."  (Id. ¶ 17.)  On October 12, 2005, Ms. Farner received a letter from the V.A. in which it acknowledged Ms. Farner's withdrawal of her appeal.  (Id. ¶ 18.)

3

On July 14, 2005, while her administrative appeal was pending, Ms. Farner filed a complaint in the United States District Court for the Middle District of Alabama, against Ms. Ledford and the United States, requesting the same relief sought in this case. The case randomly was assigned to the Honorable W. Harold Albritton, Senior U.S. District Judge. On March 31, 2006, Judge Albritton dismissed Ms. Farner's lawsuit for lack of subject matter jurisdiction because Ms. Farner's administrative appeal with the V.A. was pending on the date she commenced her federal lawsuit. (Id. ¶¶ 16, 20); see Farner v. United States, Civ. A. No. 2:05cv650-WHA, 2006 WL 861345 (M.D. Ala. March 31, 2006) (Albritton, J.) ("Farner I"). The dismissal was without prejudice "to the right [of Ms. Farner] to file a new suit within the time allowed by [38] U.S.C. § 1984(b)."[2] Farner I, Civ. A. No. 2:05cv650-WHA, 2006 WL 861345, *3.

This lawsuit followed. Namely, on June 8, 2006, Ms. Farner filed the instant complaint, seeking a determination of "whether or not [Mr. Farner's] designation of beneficiary dated May 24, 2003 was invalid due to lack of mental capacity." (Compl. at 4.)

## V. DISCUSSION

38 U.S.C. § 1984(a) provides that, "[i]n the event of disagreement as to claim" under contract of National Service Life Insurance or U.S. Government life insurance, any

---

[2] In Farner I, it was not necessary for the court to reach the issue of whether the lawsuit was timely filed. The court observed that "[t]his issue may be addressed if and when a new suit is filed." Farner I, Civ. A. No. 2:05cv650-WHA, 2006 WL 861345, *2 n.3. The new lawsuit now having been filed, the timeliness issue is ripe for determination.

person who "claim[s] thereunder an action on the claim may" bring suit against the United States in the district court of the United States, and "[a]ll persons having or claiming to have an interest in such insurance may be made parties to such suit[.]" 38 U.S.C. § 1984(b) sets forth a six-year statute of limitations, accruing on the date of the event upon which the claim is made, for any lawsuit against the United States seeking death benefits under a Government life insurance policy. The statute, however, provides that the six-year statute of limitations is suspended for the period elapsing between the filing of a claim with the Secretary of the V.A. and the denial of that claim. Additionally, when a claim is timely filed with the Secretary of the V.A., "the claimant shall have not less than ninety days from the date of mailing of notice of denial within which to file the suit."[3] 38 U.S.C. § 1984(b).

---

[3] 38 U.S.C. § 1984(b) provides in full:

No suit on yearly renewable term insurance, United States Government life insurance, or National Service Life Insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made. For the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded. *The limitation of six years is suspended for the period elapsing between the filing with the Secretary of the claim sued upon and the denial of the claim. However, if a claim is timely filed the claimant shall have not less than ninety days from the date of mailing of notice of denial within which to file suit.* After June 28, 1936, notice of denial of the claim under a contract of insurance shall be by registered mail or by certified mail directed to the claimant's last address of record. Infants, insane persons, or persons under other legal disability, or persons rated as incompetent or insane by the Secretary shall have three years in which to bring suit after the removal of their disabilities. If suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitation has elapsed. No State or other statute of limitations shall be applicable to suits filed under this section.

Id. (emphasis added).

5

The issue in this case centers on whether § 1984(b)'s ninety-day period constitutes a bar to this litigation. Ms. Ledford argues that 38 U.S.C. § 1984(b) required Ms. Farner to file the instant lawsuit within ninety days of October 12, 2005, the date Ms. Farner received notice that the V.A. had permitted Ms. Farner to withdraw her administrative appeal. (Doc. No. 6 at 2); (Compl. ¶ 18.) Specifically, she contends that October 12, 2005, is the date of the V.A.'s "notice of denial," as provided in 38 U.S.C. § 1984(b).[4] (Doc. No. 6 at 2.) Ms. Ledford advances the position that the phrase "shall have not less than ninety days" within which to file suit, as set forth in § 1984(b), "means that the suit has to be filed within 90 days of the denial [by the V.A.], even though the six-year limitation period has not expired." (Doc. No. 10 at 2.) Because Ms. Farner did not file this lawsuit until 240 days later on June 8, 2006, Ms. Ledford urges the court to dismiss all claims with prejudice as untimely filed.

Ms. Farner, on the other hand, argues that the purpose of § 1984(b)'s ninety-day stipulation is to extend, not to restrict, the six-year statute of limitations where a claimant files a claim with the V.A. on the brink of the running of the six-year statute of limitations. (Doc. No. 9 ¶¶ 3-4.) In that scenario, Ms. Farner contends that the claimant has an additional ninety days to file suit in federal court from the date the V.A. mails its notice of denial. (Id.) Because she filed her lawsuit "well within" the six-year statute of

---

[4] As alleged in the complaint, October 12, 2005, is the date Ms. Farner *received* the letter from the V.A. (Compl. ¶ 18), not the date the V.A. *mailed* the notice, as provided by statute. See 38 U.S.C. § 1984 ("However, if a claim is timely filed the claimant shall have not less than ninety days from the *date of mailing of notice of denial* within which to file suit.") (emphasis added).) The court notes the discrepancy, but finds that it is inconsequential to resolving the instant motion.

6

limitations, Ms. Farner contends that the ninety-day period "is inapplicable in this case."
(Id. ¶ 8.)

For at least two reasons, the court is not persuaded by Ms. Ledford's argument.
First, the court finds that Ms. Ledford's interpretation of 38 U.S.C. § 1984(b) is contrary
to the generally understood meaning of "not less than."  The court must "assume, absent
sufficient indication to the contrary, that Congress intends the words in its enactments to
carry their ordinary, contemporary, common meaning."  Pioneer Inv. Servs. Co. v.
Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 388 (1993) (citations and internal
quotations omitted).  "Not less than" in the context of "not less than ninety days" denotes
a minimum period of time, not a maximum period of time which cannot be exceeded.  To
adopt Ms. Ledford's position that, in all circumstances, ninety days is the maximum
amount of time a claimant has to file a federal lawsuit once his or her claim has been
denied by the V.A., the court would have to find that "not less than" means "not more
than."  Ms. Ledford's construction of "not less than" simply is at odds with common
sense and statutory interpretation.  Contrary to Ms. Ledford's position, the court finds
that, by employing the phrase "not less than," 38 U.S.C. § 1984(b) provides a claimant
with *at the least* ninety days within which to file a federal lawsuit from the date the V.A.
denies a claim, which necessarily means that, in some instances (as explained below), a
claimant will have more than ninety days to file a lawsuit.

Second, the court finds that Ms. Ledford's position is contrary to the purpose
underlying the statutory addition of the ninety-day stipulation.  While not cited by either
party, Timoni v. United States, an opinion issued by the D.C. Circuit Court of Appeals,
recited the purpose of the ninety-day stipulation:

> The courts have recognized that its purpose is to protect claimants who present their claims to the Veterans' Administration at a point so near the close of six years as to leave the period remaining after administrative denial so short as to jeopardize a timely filing in court.  The congressional solution for such situations was a minimum 90-day period for suit after administrative denial, and both in language and aim the 90-day period is associated . . . with the general six-year limitation.

419 F.2d 294, 297 (D.C. Cir. 1969) (internal footnote omitted).  Although Timoni is not binding authority, the court is persuaded that the reasoning of its decision is correct.[5]  In Robinson v. United States, which was cited with approval in Timoni, the old fifth Circuit applied the ninety-day stipulation in a manner consistent with the reasoning in Timoni.  See 84 F.2d 885 (5th Cir. 1936); see Timoni, 419 F.2d at 298 n.33.  In Robinson, forty-four days remained on the statute of limitations when the claimant filed his administrative claim with the Veterans' Bureau (now the V.A.); however, the claimant did not file suit until fifty-two days after the Veterans' Bureau denied the claim.  See 84 F.2d at 886-87.  On appeal, the United States argued that the statute of limitations had expired prior to the claimant filing suit.  See id.  The Fifth Circuit disagreed.  It held that, because the lawsuit "was filed within 90 days after the date of the letter rejecting the claim, it was not barred by limitation."  Id. at 887.

---

[5] The court notes that Timoni involved an interpretation of 38 U.S.C. § 784(b), the predecessor statute to 38 U.S.C. § 1984.  The ninety-day provision in effect at that time, however, mirrored in substance the present day version contained in 38 U.S.C. § 1984(b).  See Timoni, 419 F.2d at 297 n.17 (quoting 38 U.S.C. § 784(b), which provided that "the limitation of six years is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of *said claim:  Provided, That in any case in which* a claim is timely filed the claimant shall have not less than ninety days from the date of mailing of notice of denial within which to file suit.") (emphasis added).  A later amendment to 38 U.S.C. § 784(b) replaced the italicized words above – "said claim: Provided, That in any case in which" – with "the claim.  However, if," which is how the statute reads in its present form in 38 U.S.C. § 1984(b).  See Public Law 97-295, 1982 HR 4623, § 4(32)(A) (Oct. 12, 1982).  The latter amendment was technical, not substantive.  See 1982 U.S.C.C.A.N. 2598 (96 Stat 1287).

The principal authority relied upon by Ms. Ledford is <u>Ash v. United States</u>, 37 F.

Supp. 464 (D. Mass. 1941).  (Doc. No. 10 at 2.)  <u>Ash</u> involved an interpretation of the

ninety-day limitation embodied in 38 U.S.C. § 445d, one of 38 U.S.C. § 1984's

predecessor statutes and the precursor to 38 U.S.C. § 784(b), cited above.[6]  The reasoning

in <u>Ash</u> appears to be inconsistent with that of <u>Robinson</u>, *supra*, which described the same

ninety-day provision at issue in <u>Ash</u> as "com[ing] to the rescue of veterans."  <u>Robinson</u>,

84 F.2d at 887.  In any event, <u>Ash</u> is not binding authority, and the court does not find it

persuasive.[7]

Based on the foregoing, the court finds that the ninety-day stipulation does not

operate so as to cut off the six-year statute of limitations once a claim is filed with the

V.A.  Rather, the court finds that the ninety-day period was added in order to permit an

---

[6] In <u>Marsh v. United States</u>, the Fourth Circuit set out the history of 38 U.S.C. § 445d and the limitations period for filing suit.  <u>See</u> 97 F.2d 327 (4th Cir. 1938).  In 1928, a six-year statute of limitations was added to the World War Veterans' Act (as it was formerly titled).  Then, in 1930, an amendment suspending the running of the six-year statute of limitations "'for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director.'"  <u>Id.</u> at 328 (quoting 38 U.S.C. § 445d).  In 1936, the language, "shall have ninety days," was added to § 445d to permit a claimant ninety days to commence a lawsuit from the date of the rejection of the claim.  <u>Id.</u>  In 1958, the statute was renumbered as 38 U.S.C. § 784, and, in pertinent part, read, as it does today, that a "claimant shall have not less than ninety days from the date of mailing of notice of denial within which to file suit."  Pub. L. No. 85-857, 72 Stat. 26 (Sept. 2, 1958); <u>see</u> <u>also</u> <u>Timoni</u>, 419 F.2d at 297 n.25; <u>see</u> *supra* footnote 5.

[7] The court notes that a different district judge in the same district rendered a contrary interpretation of 38 U.S.C. § 455d.  <u>See</u> <u>Atkinson v. United States</u>, 39 F. Supp. 198 (D. Mass. 1941).  The court is more persuaded by the reasoning of <u>Atkinson</u> than <u>Ash</u>.  <u>See</u> <u>Atkinson</u>, 39 F. Supp. at 200 (concluding that the purpose of the 1936 amendment to 28 U.S.C. § 455d, adding the "shall have ninety days" language, "was to provide . . . for those cases where the period of suspension of the statute expired so soon after the denial of the claim that the claimant could not readily protect his rights" and opining that the harsh consequence of § 455d's application in <u>Tyson v. United States</u>, 297 U.S. 121 (1936), "led Congress to give to every claimant at least ninety days after his claim had been rejected in which to proceed").

extension of the six-year statute of limitations in situations where a claimant timely files an administrative claim with the V.A., but files with less than ninety days remaining on the statute of limitations.  The court disagrees with Ms. Ledford that the ninety-day stipulation applies when more than ninety days remain on the statute of limitations once the V.A. denies a claim.  Consistent with the pronouncement in Timoni that the ninety-day provision constitutes a "minimum" (not a maximum) period of time in which to file suit, the court finds that a claimant's lawsuit is timely under § 1984(b), if following the V.A.'s denial of the claim, the claimant commences his or her lawsuit (1) within the period of time which equals the time remaining on the six-year statute of limitations which had not yet expired when the claim was filed with the V.A. or (2) within ninety days, whichever is longer.

To illustrate, if a claimant files an administrative claim with the V.A. thirty days prior to the expiration of the six-year limitations period, § 1984(b) suspends the six-year limitations period during the administrative process, and the claimant then has ninety days (not merely thirty days) to file a federal lawsuit if the V.A. denies the claim.  On the other hand, if a claimant files an administrative claim with the V.A. two years prior to the expiration of the six-year limitations period, the statute of limitations is suspended during the pendency of the administrative appeal, and the claimant has two years (not merely ninety days) to file a federal lawsuit upon the denial of the claim.

Applying the foregoing principles, the court finds that Ms. Farner's lawsuit is timely filed.  Mr. Farner died on June 13, 2003.  His death is the "contingency" upon which Ms. Farner's "right" to bring a lawsuit "accrued" and is the event which commenced the running of the six-year statute of limitations.  38 U.S.C. § 1984(b); see

United States v. Towery, 306 U.S. 324 (1939) (holding that "contingency" date is date of the policyholder's disability or death).  That right was dependent on Ms. Farner exhausting her administrative remedies before the V.A.  Ms. Farner filed a claim with the V.A. on July 2, 2003, (Compl. ¶ 14), and, as provided in 38 U.S.C. § 1984(b), the six-year statute of limitations was suspended during the pendency of these administrative proceedings before the V.A.

Twenty days elapsed between the date Ms. Farner's "right accrued" and the date Ms. Farner filed her claim with the V.A.  38 U.S.C. § 1984(b).  The period of time remaining on the six-year statute of limitations which had not expired when Ms. Farner filed her claim with the V.A. (i.e., six years minus twenty days) obviously is longer than ninety days and, thus, is the measurement which governs whether Ms. Farner's lawsuit is timely.  Stated differently, Ms. Farner filed her claim with the V.A. more than ninety days prior to the running of the statute of limitations; hence, once the V.A. denied her claim and the suspended statute of limitations recommenced its running, the time in which Ms. Farner had to file a lawsuit was equal to the unexpired limitations period that existed on the date she filed her claim with the V.A.

The parties agree that the administrative proceedings before the V.A. concluded on October 12, 2005, when in a letter the V.A. acknowledged Ms. Farner's withdrawal of her administrative appeal before the Board of Veterans' Appeals.[8]  At that point, the suspension of the limitations period ended.  See 38 U.S.C. § 1984(b); United States v. Walker, 77 F.2d 415, 415 (5th Cir. 1975).  Ms. Farner filed the instant lawsuit on June 8,

---

[8] The parties agree that this October 12, 2005, letter is the document which created the "disagreement," within the meaning of 38 U.S.C. § 1984(a).  See United States v. Christensen, 207 F.2d 757, 758 (10th Cir. 1953).

11

2006, less than eight months after the denial of her claim before the V.A., and, thus, well within the period of time remaining on the six-year statute of limitations.

Based on the foregoing and contrary to Ms. Ledford's argument, the court finds that it is immaterial that Ms. Farner did not file a lawsuit until more than ninety days after October 12, 2005, because this case does not present a factual scenario where less than ninety days of the six-year statute of limitations period remained on the date Ms. Farner filed her claim with the V.A.[9]  The court finds that Ms. Farner's lawsuit is timely and that, therefore, Ms. Ledford's motion to dismiss is due to be denied.

## VI.  ORDER

Accordingly, it is CONSIDERED and ORDERED that Ms. Ledford's motion to dismiss be and the same is hereby DENIED.

DONE this 2nd day of March, 2007.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

---

[9] The court notes that, in light of its findings herein, the court need not address Ms. Farner's alternative argument which relies upon the provision in 38 U.S.C. § 1984(b) which provides that, "[i]f suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitation has elapsed."  (See Doc. No. 9 ¶¶ 6-7; Doc. No. 11 at 2.)

12